# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 12, 2010

Lyle W. Cayce
Clerk

No. 09-50306
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER VENCES, SR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:08-CR-196-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

A jury convicted Javier Vences, Sr., of aiding and abetting in the possession with intent to distribute at least 100 kilograms of marijuana, conspiracy to possess with intent to distribute at least 100 kilograms of marijuana, and possession of a firearm by a convicted felon, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), & 846, and 18 U.S.C. §§ 2, 922(g)(1), & 924(a)(2). The district court sentenced Vences to concurrent terms of 87 months of imprisonment on each of the three counts of conviction. On appeal,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Vences argues that the trial court abused its discretion by denying his motion to disclose the identity of the confidential informant.

The district court held an in camera hearing regarding whether the informant's identity should be revealed, a procedure that this court has previously approved. *See United States v. Freund*, 525 F.2d 873, 877-78 (5th Cir. 1976). This court uses a three-part test to determine whether the identity of an informant should be revealed: (1) the level of the informant's activity; (2) the helpfulness of the disclosure to the asserted defense; and (3) the Government's interest in nondisclosure. *United States v. Ibarra*, 493 F.3d 526, 531 (5th Cir. 2007). After reviewing the transcript of the in camera hearing, record evidence relevant to the disposition of this appeal, and the arguments of the parties, this court finds that the interests balance toward nondisclosure. Although the informant's participation supports disclosure, Vences did not show that the informant's testimony would significantly aid in establishing an asserted defense, which cuts against disclosure. Moreover, the Government's interest clearly supports nondisclosure. Where, as here, the relative interests balance toward nondisclosure, and where the district court held an in camera hearing at which evidence was presented that enabled the district court to reach its decision, the district court did not abuse its discretion in withholding the identity of the informant. *See United States v. De Los Santos*, 810 F.2d 1326, 1333 (5th Cir. 1987).

The judgment of the district court is therefore AFFIRMED.